# 22-1088

## In The United States Court of Appeals for The Second Circuit



*Michelle Henry*

*Plaintiff-Appellant*

*V.*

*Capital One*

*Defendants-Appellees*

## On Appeal from the United States District Court For the Southern District of New York

Brief of Appellant ~~John Apellido~~

## PRELIMINARY STATEMENT

The lower court erred in dismissing my complaint against Capital One bank for destroying the contents of my safety deposit box.

2

## QUESTIONS PRESENTED

1. Did the Court correctly grant Capital One's motion for summary judgment on the issue of liability by determining that there were trainable issues of fact relating to the destruction of the safety deposit box?
Plaintiffs-Respondents respectfully submit that this question should be answered "No".

3

## STATEMENT OF FACTS

On the plaintiff, Michelle Henry, entered the Capital One's bank located at 61-24 188th street, Fresh Meadows Queens.
I leased a safe deposit box on 2/12/15 During the periods of that date and two other times

I placed a total of $85,000 dollars in that safety deposit box. On March 20th 2020 I went

to access my box and discovered the box was drilled opened and empty. The bank

teller was also shocked and took me back upstairs to figure what was the issue. On

their end it showed that the box was not drilled, there's no records of the drillings or my

contents and they needed time to investigate.

It is my

understanding that the box was destroyed due to the negligence of Bank personal.

4

**ARGUMENT**

The Plaintiff contends that the ruling by Judge M. Cogan on April 12, 2022 should be overturn for the following reasons:

The fact that lower Court determined that Capital One bank committed breach of contract should preclude the finding of Summary Judgment. Capital One breached its own contract by the simple fact of opening the safety deposit box. The opening of the deposit box violated the terms the banks own terms.

The lower Courts ruling is based solely on the lease terms. However, relying on the terms of use to dismiss this actions unfair. Herein, Ms. Henry is being held to the terms of the lease where Capital One is not. In the plain terms of the lease agreement clears the defendant from liability for loss of the contents of the safety deposit box. Therefore, there is no reason why plaintiff should be held to the standard of the lease when Capital one is allowed to disregard their own terms. This is basically "one rule for thee but not for me".

In the second instances the terms were drafted by Capital One. It is basic contract law that adheres to the idea that every reasonable inference should go against the party that drafted the contract. The Court should look at the contract and the mysterious destruction of the contents with more scrutiny. The plaintiff was given no explanation for what happened to the contents. The plaintiff was not provided

5

adequate discovery of what occurred or what caused the destruction of the contents. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006)."
Further the Defendant owed the Plaintiff a duty of care regarding the contents of the Safety Deposit Box. The Plaintiff relied on the Bank to keep her contents safe. Yet in the current case this particular safety deposit box was destroyed while left to the bank's care. A bank is in the business of keeping items, specifically money safe. Herein the Bank was basically protected from any repercussions for its involvement in either causing or allowing the destruction of

the money in question. It is rare to find in any other industry such protection for the above blatant negligence. Defendant's breach of duty caused the Plaintiff to suffer a huge costly detriment.

In Barclift v. American Sav. Bank, 152 Misc. 2d 487 the court held that § 234 of the NY Banking Law explicitly permitted the deposit of cash because it stated that a bank could rent safe-deposit boxes in which to keep personal property, including cash, as defined by N.Y. Gen. Constr. Law § 39. The Court held that recovery depended upon the presence of negligence on the part of the bank.

6
## CONCLUSION

For the foregoing reasons, the order granting summary judgment to the defendant Capital One Bank should be reversed, and the case remanded to the trial court
for trial

**Dated: Jamaica, New York**
**January 3, 2023**

Respectfully submitted,

_____
Michele Henry
Pro-Se Plaintiff-Respondent
104-32 164th Street Jamaica NY 11433

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

MICHELLE HENRY

v.

CAPITAL ONE BANK

**CERTIFICATE OF SERVICE***

Docket Number: 22-1088

I, MICHELLE HENRY, hereby certify under penalty of perjury that
(print name)

on 01/13 , I served a copy of BRIEF AND APPENDIX
(date)

_____
(list all documents)

by (select all applicable)**

___ Personal Delivery     _X_ United States Mail     ___ Federal Express or other Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

STEPHEN JAY STEINLIGHT

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| | 875 THIRD AVE | NY | NY | 10022 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

01/15/23
Today's Date

[Signature]
Signature

Certificate of Service Form (Last Revised 12/2015)



Michele Henry